# UNITED STATES DISTRICT COURT
# EASTERN DISTRICT OF WISCONSIN

**MARCIA BERNAL,**
      **Plaintiff,**

    v.                                      Case No. 06C0009

**CORESTAR FINANCIAL GROUP,**
      **Defendant.**

## DECISION AND ORDER

Plaintiff Marcia Bernal alleges that defendant CoreStar Financial Group violated § 1681b(c)(1)(B) of the Fair Credit Reporting Act ("FCRA") by accessing her credit report for an impermissible purpose. Specifically, plaintiff alleges that defendant obtained her credit report and sent her a letter not amounting to a "firm offer of credit" within the statute. Defendant now moves to dismiss.

A motion to dismiss under Fed. R. Civ. P. 12(b)(6) challenges the sufficiency of the complaint to state a claim upon which relief may be granted. GE Capital Corp. v. Lease Resolution Corp., 128 F.3d 1074, 1080 (7th Cir. 1997). I may grant a Rule 12(b)(6) motion only if it is clear that plaintiff can prove no set of facts in support of her claims that would entitle her to relief. Conley v. Gibson, 355 U.S. 41, 45-46 (1957). Plaintiff fails to state a claim only if, assuming all facts are accurate, she has no legal claim. Payton v. Rush-Presbyterian St. Luke's Med. Ctr., 184 F.3d 623, 627 (7th Cir. 1999). In ruling on a Rule 12(b)(6) motion, I assume that all of the plaintiff's allegations are true, and I draw all reasonable inferences in her favor. Marshall-Mosby v. Corp. Receivables, Inc., 205 F.3d 323, 326 (7th Cir. 2000). Plaintiff attached exhibit A to the complaint, therefore I may

consider it in ruling on defendant's motion. See Witzke v. Femal, 376 F.3d 744, 749 (7th Cir. 2004).

Defendant argues that plaintiff's claim fails because she does not allege actual damage. However, a successful § 1681b plaintiff is entitled to statutory damages, and therefore need not plead that she has suffered actual damage. Murray v. GMAC Mortgage Corp., 434 F.3d 948, 953 (7th Cir. 2006) (explaining that the FCRA provides "for modest damages without proof of injury") (emphasis added); Bonner v. Home123 Corp., No. 2:05-CV-146 PS, 2006 WL 1518974, at *13 (N.D. Ind. May 25, 2006) (explaining that the statute "merely shows that Plaintiffs must demonstrate willfulness to obtain statutory damages"); see also Tremble v. Town & Country Credit Corp., No. 05 C 2625, 2006 WL 163140, at *5 (N.D. Ill. Jan. 18, 2006) ("To put it another way, [plaintiff] is not required to prove recoverable actual damages in order to show a violation of § 1681b or to obtain statutory damages under § 1681n(a)(1)(A)."). Ruffin-Thompkins v. Experian Information Solutions, Inc., 422 F.3d 603, 610 (7th Cir. 2005), relied on by defendant, is distinguishable because it addressed a different section of the FCRA, one that requires a plaintiff to show actual damage.

Therefore,

**IT IS ORDERED** that defendant's motion to dismiss is **DENIED.**

Dated at Milwaukee, Wisconsin this 20 day of July, 2006.

/s_____
LYNN ADELMAN
District Judge

2